**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ELISE D. KLEIN, SB# 111712
    E-Mail: Elise.Klein@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff NATIONAL
UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiff,<br><br>vs.<br><br>BARBARA HULL, AMERICAN RED CROSS OF SAN BERNARDINO COUNTY, GETHSEMANE TEMPLE CHURCH OF GOD IN CHRIST, DAMION N. DOYLE, SARAH R. DOYLE, HOLLAND E. T. HINES AND KATHLEEN D. KEENAN,<br><br>Defendants. | Case No.<br><br>**COMPLAINT IN INTERPLEADER** |

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("NUFIC") commences this interpleader action pursuant to 28 United States Code ("U.S.C.") section 1335 in good faith and for the reasons detailed below:

## I.   PARTIES

1. Plaintiff NUFIC is a lawful corporation in good standing.

2. Based upon information and belief, Defendant Damion N. Doyle is an individual currently incarcerated at Siskiyou County Jail in Yreka, California.

3. Based upon information and belief, Defendant Sarah Doyle is an individual residing in Oregon. NUFIC is informed and believes that Sarah Doyle is the daughter of John and Carol Doyle.

4. Based upon information and belief, Defendant Holland E. T. Hines is an individual residing in Arizona. NUFIC is informed and believes that Holland E.T. Hines is the daughter of John Doyle.

5. Based upon information and belief, Defendant Kathleen D. Keenan is an individual residing in Aptos, Santa Cruz County, California.

6. Based upon information and belief, Defendant Barbara Hull is an individual residing in Montague, Siskiyou County, California. NUFIC is informed and believes that Barbara Hull has been appointed the executor of the Estate of John Doyle.

7. Based upon information and belief, Defendant American Red Cross San Bernardino County is a business entity, form unknown, with its primary place of business in San Bernardino County, California.

8. Based upon information and belief, Defendant Gethsemane Temple Church of God in Christ is a business entity, form unknown, with its primary place of business in Denver, Colorado.

9. To the extent NUFIC learns of the existence of any additional defendant, NUFIC will promptly seek leave of Court to amend their complaint pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 15.

## II. JURISDICTION AND VENUE

10. Jurisdiction is proper pursuant to 28 U.S.C. section 1335 since the life insurance at issue is a benefit that was made available to decedent pursuant to an employee benefit plan offered by decedent's former employer. Thus, the benefit is subject to the Employee Retirement Income and Security Act of 1974, as amended ("ERISA")

///

11.     Venue is proper pursuant to 28 U.S.C. section 1397 as at least one or more of the defendants in this action reside within the Eastern District of California.

### III.     STATEMENT OF INTERPLEADER ACTION

12.     This interpleader action stems from a life insurance policy issued by NUFIC covering the life of John Doyle.  John Doyle's wife, Carol Doyle, was identified as the beneficiary of the life insurance policy.

13.     John Doyle and Carol Doyle were murdered on July 5, 2016 in Big Springs, California.  Defendant Damion Doyle has been arrested for the murders of John Doyle and Carol Doyle. NUFIC is informed and believes that Damion Doyle is currently incarcerated, and has not yet been tried for the murders of John Doyle and Carol Doyle.

14.     John Doyle left a will, in which he left his estate to the Doyle Family Trust dated December 19, 2000, as amended and restated on March 27, 2015 (the "Trust").

15.     The Trust provided that the entire trust estate would be distributed to Damion Doyle upon the deaths of John Doyle and Carol Doyle.  The Trust further disinherited Sarah Regina Doyle (the daughter of John Doyle and Carol Doyle) and her issue, and Holland Elisa Taylor Hines (the daughter of John Doyle) and her issue.  The Trust further provided that if at any time before full distribution of the trust estate both John and Carol Doyle and Damion are deceased, and Damion leaves no issue, the remaining portion of the trust estate would be distributed 75% to the American Red Cross, San Bernardino County, and 25% to the Gethsemane Temple Church of God in Christ.

16.     California Probate Code section 252, part of California's "slayer statute," provides, "A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as

though the killer had predeceased the decedent."

17. NUFIC is informed and believes that each of the defendants has made a claim for the policy benefits.

18. NUFIC cannot determine which of the competing claimants is entitled to receive the policy benefits. To the best of NUFIC's knowledge, Damion Doyle has not yet been tried for the murder of his parents, and the trial has been delayed several times, most recently because of COVID-19. Accordingly, NUFIC does not know if Probate Code section 252 applies. NUFIC also cannot determine the validity of the portions of the Trust purporting to disinherit John Doyle's daughters, particularly in light of the claim that the Estate of John Doyle is entitled to the insurance policy proceeds.

19. NUFIC does not claim any interest with respect to the insurance proceeds. The amount of insurance due upon Mr. Doyle's death is $522,000.

20. In accordance with Federal Rule of Civil Procedure 67, in addition to Local Rule 150 of the United States District Court for the Eastern District of California, NUFIC will promptly file its Motion to Deposit the insurance proceeds with this Court.

21. After obtaining a Court Order to interplead the sums under both policies, which NUFIC understands is a prerequisite to depositing the funds with the Court pursuant to FRCP 67 and Local Rule 150, NUFIC will promptly deposit the insurance proceeds with the Court, then will seek discharge from this action.

## IV. RELIEF

NUFIC prays for relief as follows:

1. That Defendants be restrained or enjoined from instituting any action against the Plaintiff for recovery of the aforementioned property or any part of it;

2. Defendants be required to interplead and settle among themselves their rights to the property and that the Plaintiff be discharged from all liability;

3. The Plaintiff recover costs and reasonable attorney's fees; and

1  4. The Court grant any further relief as may be just and proper under the
2 circumstances of this case.

3

4 DATED: March 16, 2021          LEWIS BRISBOIS BISGAARD & SMITH LLP

7              By:   /s/Elise D. Klein
                    ELISE D. KLEIN
8                   Attorneys for Plaintiff NATIONAL
                    UNION FIRE INSURANCE COMPANY
9                   OF PITTSBURGH, PA

