UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiff,<br><br>v.<br><br>HULL, et al.,<br><br>Defendants. | No. 2:21-cv-00481-TLN-CKD<br><br><br>**ORDER** |

This matter is before the Court on Defendants American Red Cross of San Bernardino ("Red Cross") and Gethsemane Temple Church of God in Christ's[1] ("Gethsemane Temple Church") Motion for Approval of Settlement Agreement and Disbursement of Interpleader Funds. (ECF No. 46.) Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("Plaintiff") filed a response requesting discharge from this action. (ECF No. 49.) Defendants Holland E.T. Hines ("Hines") and Sarah R. Doyle filed an opposition to Plaintiff's response. (ECF No. 50.) For the reasons set forth below, Defendants' motion is GRANTED and Plaintiff's request for discharge is DENIED.

///

---

[1] Other named Defendants to this action include Barbara Hull, Damion N. Doyle, Sarah R. Doyle, Holland E.T. Hines, Kathleen D. Keenan. The Court shall refer to all named Defendants collectively as "Defendants."

1

Plaintiff filed this interpleader suit on March 16, 2021.  (ECF No. 1.)  This action stems from a life insurance policy issued by Plaintiff to cover the life of John Doyle.  (*Id.* at 3.)  Plaintiff alleges Damion Doyle murdered John Doyle and his wife, Carol Doyle.  (*Id.*)  Plaintiff further alleges the amount due upon John Doyle's death is $522,000.  (*Id.* at 4.)  On December 13, 2023, Plaintiff deposited $522,000 of funds from the life insurance policy with the Clerk of the Court.  (ECF No. 43.)

On April 8, 2024, Red Cross and Gethsemane Temple Church filed the instant motion for approval of settlement agreement and disbursement of interpleader funds.  (ECF No. 46.)  Red Cross and Gethsemane Temple Church state that Siskiyou County Superior Court has sentenced Damion Doyle for the murder of his parents, but the remaining Defendants have all executed a settlement agreement (the "Agreement") to resolve the question of how to distribute the interpleader funds.  (*Id.* at 2.)  Red Cross and Gethsemane Temple Church note that the parties agreed not to oppose this motion and further agreed to waive notice of the motion, and thus the Agreement is contingent upon receiving approval from the Court.  (*Id.*)

On April 22, 2024, Plaintiff filed a response, not objecting to the instant motion but requesting the Court discharge Plaintiff from the action concurrent with its approval of the Agreement.  (ECF No. 49 at 1.)  Plaintiff contends its "role has now been fulfilled because the funds have been deposited with the Court," as it "has no stake in the policy proceeds and no objection to the [Agreement] presented in Defendant American Red Cross'[s] motion."  (*Id.* at 2.)  On April 23, 2024, Hines and Sarah R. Doyle filed an opposition to Plaintiff's response, contending that they are entitled to an interest on the life insurance policy benefits because it was a "fully insured" plan and not part of a "self[-]funded" ERISA plan.  (ECF No. 50 at 2.)  Hines and Sarah R. Doyle note that, as part of the Agreement, the parties agreed they "had the sole right to pursue the claim for interest owed and that any interest awarded by the Court or received as part of a future settlement shall be the sole property" of Hines and Sarah R. Doyle.[2]  (*Id.* at 3.)  As

---

[2] Indeed, paragraph M of the Recitals to the Agreement provides: "Despite any settlement language contained herein below, the parties agree that Counter Claimants Sarah Doyle and Holland Hines have the right to pursue the claim for interest owed and that any interest awarded by the Court or received through a future settlement shall be the sole property of Sarah Doyle and

there are still counterclaims filed by Hines and Sarah R. Doyle seeking interest on the life insurance policy benefits (*see* ECF Nos. 29, 30), the Court DENIES Plaintiff's request to be discharged from the instant action.  Plaintiff, Hines, and Sarah R. Doyle are ordered to file a Joint Status Report within 30 days of the electronic filing date of this Order indicating how the parties intend to resolve the counterclaims filed by Hines and Sarah R. Doyle (ECF Nos. 29, 30) seeking interest on the life insurance policy benefits.

      Based on the foregoing, the Court GRANTS the Motion for Approval of Settlement Agreement and Disbursement of Interpleader Funds (ECF No. 46) as follows:

1. The Settlement Agreement and Release attached as Exhibit 1 to the motion (ECF No. 46 at 4–15) is hereby APPROVED.

2. The Court shall disburse the interpleader funds as follows:

    a. $75,000 to American Red Cross of San Bernardino
   Attn: Trusts & Estates
   431 8th Street NW
   Washington, D.C. 20006

    b. $25,000 to Gethsemane Temple Church of God in Christ
   7877 E. Mississippi Avenue, Unit 404
   Denver, Colorado 80247

    c. $211,000 to Client Trust Account Daniel S. Glass for Sarah Doyle
   c/o Daniel S. Glass, Esq.
   641 Fulton Avenue, Suite 200
   Sacramento, California 95825

    d. $211,000 to Client Trust Account Daniel S. Glass for Holland E.T. Hines
   c/o Daniel S. Glass, Esq.
   641 Fulton Avenue, Suite 200
   Sacramento, California 95825

---

Holland Hines."  (ECF No. 46 at 5.)

Any accumulated interest shall be divided according to the settlement percentages paid to the parties as follows:

1. American Red Cross of San Bernardino – 14.4%;
2. Gethsemane Temple Church of God in Christ – 4.8%;
3. Client Trust Account for Sarah Doyle – 40.4%; and
4. Client Trust Account for Holland E.T. Hines – 40.4%.

Not later than thirty (30) days after disbursement of funds to the above-listed Defendants, the parties shall file a stipulation to dismiss all Defendants except Holland E.T. Hines and Sarah R. Doyle. This shall include Defendant Damion Doyle, who has not appeared in this action and, pursuant to the Settlement Agreement, is not entitled to any interpleader funds.

IT IS SO ORDERED.

Date: October 8, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE